JS 44   (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Wesco Insurance Company

### DEFENDANTS
AMERILAND SERVICES, LLC, and K. HOVNANIAN JV SERVICES COMPANY, LLC

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Josh Levy, Kennedys, 1111 Brickell Ave. #1300, Miami, FL 33131 (305) 371-1111

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ■ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ■ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Acts
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

### VI. RELATED/ RE-FILED CASE(S)

*(See instructions):*  a) Re-filed Case ☐ YES ■ NO    b) Related Cases ■ YES ☐ NO
JUDGE:                                                           DOCKET NUMBER:

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332. This is a declaratory judgment action wherein the insurer seeks a declaration of its obligations to the
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes  ■ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE                                     SIGNATURE OF ATTORNEY OF RECORD
11-10-2023                               /s/ Josh Levy

**FOR OFFICE USE ONLY : RECEIPT #        AMOUNT        IFP        JUDGE        MAG JUDGE**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI. **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII. **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

VIII. **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

 

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*



A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:



If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                       _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISIOIN

CASE NO.:

WESCO INSURANCE COMPANY,

    Plaintiff,

v.

AMERILAND SERVICES, LLC, and
K. HOVNANIAN JV SERVICES COMPANY, LLC,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Wesco Insurance Company ("Wesco") files this Complaint for Declaratory Relief against Defendants, Ameriland Services, LLC ("Ameriland") and K. Hovnanian JV Services Company, LLC ("Hovnanian"), and alleges as follows:

    **I.**     **NATURE OF THIS ACTION AND RELIEF SOUGHT**

1. Wesco brings this action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 to determine Wesco's duty to defend or indemnify Ameriland under Commercial General Liability policies issued by Wesco to Ameriland for claims asserted in the arbitration proceedings styled *K. Hovnanian JV Services Company, LLC v. Ameriland Services, LLC*, Case No. 01-22-0001-1187, pending before the American Arbitration Association Construction Arbitration Division (the "Underlying Arbitration").

2. The Underlying Arbitration alleges that Hovnanian contracted with Ameriland to install irrigation and landscaping during the construction of an active adult residential community known as Four Seasons at Parkland in Parkland, Florida ("Four Seasons"). Four Seasons contains 538 homesites spread over 17 separate residential tracts. Purchasers choose from 18 different home design models.

3. The Wesco Policies contain an exclusion for "Designated Work" that excludes coverage for "property damage" that arises out of "any design, development, site preparation, construction, marketing and sales of residential tract housing of 10 units or more". The Underlying Arbitration alleges "property damage" arising out of Ameriland's defective design and construction of the irrigation system at Four Seasons. Four Seasons is a newly constructed, large scale, housing development consisting of tract housing of more than 10 units. The claims asserted in the Underlying Arbitration against Ameriland fall solely and entirely within the Designated Work Exclusion. Accordingly, Wesco seeks a declaration that Wesco has no duty to defend or indemnify Ameriland under the Wesco Policies in connection with the Underlying Arbitration.

## II.   JURISDICTION AND VENUE

4. At all material times, Plaintiff, Wesco was and is a Delaware corporation with its principal place of business in New York, New York. Therefore, Wesco is a citizen of Delaware and New York for purposes of diversity jurisdiction.

5. At all material times, Defendant, Ameriland Services, LLC was and is a Florida limited liability company with its principal place of business in Miami, Florida. The sole member of Ameriland Services, LLC is Dennis Hall. At all material times, Mr. Hall was a citizen of and domiciled in Florida. Therefore, Ameriland Services is a citizen of Florida for purposes of diversity jurisdiction.

6. At all material times, Defendant, K. Hovnanian JV Services Company, LLC was and is a California limited liability company with its principal place of business in Matawan, New Jersey. The sole member of K. Hovnanian JV Services Company, LLC is K. Hovnanian JV Holdings, LLC. K. Hovnanian JV Holdings, LLC is a California limited liability company with its principal place of business in Matawan, New Jersey. The sole member of K. Hovnanian JV Holdings, LLC is K. Hovnanian California Region, Inc. K.

2

Hovnanian California Region, Inc. is a California corporation with its principal place of business in Roseville, California. Therefore, K. Hovnanian JV Services Company, LLC is a citizen of New Jersey and California for purposes of diversity jurisdiction.

7. Hovnanian is an indispensable party to this action.

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between the Plaintiff and Defendants, and (2) the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, based on the amount of damages sought by Hovnanian in the Underlying Arbitration on the face of the Statement of Claim (over $1,000,000), the relevant policy limit of $1,000,000 per occurrence, and ongoing defense costs incurred by Wesco to defend Ameriland in the Underlying Arbitration.

9. There is a *bona fide* actual controversy, and a present practical need for the Court to issue a declaration to clarify the parties' respective rights, duties, and obligations with respect to the Underlying Arbitration.

10. Plaintiff and Defendants have an actual, present, adverse, and antagonistic interest in the subject matter of this action.

11. All parties necessary for this action are properly before this Court.

12. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District, and the Wesco Policies were issued to a citizen of this District.

### III.   GENERAL ALLEGATIONS

**A.   The Underlying Arbitration**

13. On or about July 15, 2022, Hovnanian, filed a Statement of Claim in the Underlying Arbitration against Ameriland.

14. A true and correct copy of the Statement of Claim is attached as **Exhibit 1**.

3

15. The Statement of Claim alleges that on or about July 15, 2016, Hovnanian entered into a contract agreement with Ameriland to install irrigation and landscaping during construction of an age 55 and over, active adult/project known as Four Seasons of Parkland. **Exhibit 1** at ¶4.

16. On or about March 13, 2019, Hovnanian and Ameriland entered a second contract for completion of the irrigation and landscaping at Four Seasons. **Exhibit 1** at ¶5.

17. The Statement of Claim alleges that Ameriland's work at the Four Seasons project included numerous defects in the design and installation of the irrigation system. **Exhibit 1** at ¶8.

18. The Statement of Claim alleges that Ameriland knew or should have known that construction defects existed in Ameriland's work for Hovnanian. **Exhibit 1** at ¶9.

19. As a result of the alleged defects in Ameriland's work, the Statement of Claim alleges that the failure of the irrigation system caused damage to the property of third parties, including but not limited to the landscaping and common areas belonging to the Four Seasons' homeowner's association, as well as the landscaping and exterior and interior components of the homes of individual homeowners. **Exhibit 1** at ¶10.

20. The Statement of Claim alleges causes of action against Ameriland for Breach of Contract, Negligence, and Breach of Warranty. **Exhibit 1** at Counts I-III.

21. Hovnanian seeks to recover more than $1,000,000 in damages, plus interest, attorney's fees, and costs from Ameriland in the Underlying Arbitration. **Exhibit 1** at ¶1.

**B.    The Wesco Policies**

22. Wesco issued policy number WPP 1416317 01 to Ameriland Services, LLC for the policy period of October 21, 2015 to October 21, 2016 (the "2015-16 Policy").

23. Wesco issued policy number WPP 1416317 02 to Ameriland Services, LLC for the policy period of October 21, 2016 to October 21, 2017 (the "2016-17 Policy").

24. Wesco issued policy number WPP 1416317 03 to Ameriland Services, LLC for the policy period of October 21, 2017 to October 21, 2018 (the "2017-18 Policy").

25. Wesco issued policy number WPP 1416317 04 to Ameriland Services, LLC for the policy period of October 21, 2018 to October 21, 2019 (the "2018-19 Policy").

26. The 2015-16 Policy, 2016-17 Policy, 2017-18 Policy, and 2018-19 Policy are collectively referred to in this pleading as the "Wesco Policies".

27. True and correct copies of the Wesco Policies are attached as **Exhibit 2.**

28. The Wesco Policies each provide a policy limit for Bodily Injury and Property Damage Liability coverage of $1,000,000 per occurrence.

29. The Wesco Policies contain the following Insuring Agreement for Bodily Injury and Property Damage Liability that states in relevant part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

*   *   *

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

*   *   *

30. The Wesco Policies contain the following endorsement titled "Exclusion – Designated Work" that states in relevant part:

**EXCLUSION - DESIGNATED WORK**

5

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCT/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

**Description of your work**:

\* \* \*

- Any design, development, site preparation, construction, marketing and sales of residential tract housing of 10 units or more. This exclusion does not apply to any repair, remodel or service work. However, coverage does not apply to any residential repair, remodel or service work that the insured performed as part of new residential construction work.

\* \* \*

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

\* \* \*

31. The Policy contains the following relevant definitions:

    **SECTION V – DEFINITIONS**

    \* \* \*

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    \* \* \*

    **16.** "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or
    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all the work called for in your contract has been completed.

      **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*   \*   \*

32. Wesco is presently providing a defense to Ameriland in the Underlying Arbitration under a reservation of rights. **Exhibit 3.**

33. A justiciable case or controversy exists between the parties to this action as Wesco is in doubt as to its rights under the Wesco Policies, in particular with regard to its obligations to defend or indemnify Ameriland under the Wesco Policies in connection with the Underlying Arbitration.

**COUNT I – DECLARATORY RELIEF**
**DESIGNATED WORK EXCLUSION**

34. Wesco realleges and incorporates by reference the allegations in paragraphs 1 – 33 above as if fully stated herein.

35. The Designated Work Exclusion excludes coverage for "'property damage' included in the 'products-completed operations hazard' and arising out of [any design,

development, site preparation, construction, marketing and sales of residential tract housing of 10 units or more]".

36. The Underlying Arbitration alleges "'property damage' at the Four Seasons project arising out of the Ameriland's defective design and construction of the irrigation system at "residential tract housing of more than 10 units".

37. The claims and damages asserted by Hovnanian in the Underlying Arbitration against Ameriland fall solely and entirely within the Designated Work Exclusion.

38. Accordingly, Wesco has no duty to defend or indemnify Ameriland under the Wesco Policies in connection with the Underlying Arbitration.

WHEREFORE, Wesco respectfully requests that the Court enter a declaratory judgment finding that Wesco owes no duty to defend or indemnify Ameriland under the Wesco Policies in connection with the Underlying Arbitration, awards Wesco its costs, and grants any further relief that this Court considers appropriate for this action.

Respectfully submitted,

*/s/ Josh Levy*
Josh Levy
Fla. Bar No. 668311
Andrew R. Riera
Fla. Bar No. 1000517
Kennedys CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: 305-371-1111
Email: josh.levy@kennedyslaw.com
Email: andrew.riera@kennedyslaw.com
Email: laura.melendez@kennedyslaw.com
*Counsel for Plaintiff,*
*Wesco Insurance Company*

Dated: November 10, 2023