UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-62145-DAMIAN

**WESCO INSURANCE COMPANY,**

    Plaintiff,

v.

**AMERILAND SERVICES, LLC,** and
**K. HOVNANIAN JV SERVICES COMPANY, LLC,**

    Defendants.
_____/

**ORDER GRANTING IN PART
DEFENDANT AMERILAND'S MOTION TO DISMISS THE
AMENDED COMPLAINT OR STAY THE CASE [ECF NO. 33]
AND
GRANTING DEFENDANT HOVNANIAN'S MOTION TO STAY [ECF NO. 31]
AND
<u>DISMISSING AMENDED COMPLAINT [ECF NO. 27] WITHOUT PREJUDICE</u>**

**THIS CAUSE** is before the Court on Defendant Ameriland Services, LLC's ("Ameriland") Motion to Dismiss the Amended Complaint or Stay the Case, filed March 14, 2024 [ECF No. 33], and Defendant K. Hovnanian JV Services Company, LLC's ("Hovnanian") Motion to Stay, filed March 14, 2024 [ECF No. 31].

THE COURT has reviewed the Motions, the Response and Reply thereto [ECF Nos. 35 and 36], the pertinent portions of the record, and relevant authority and is otherwise fully advised in the premises. For the reasons that follow, the Court grants both Defendants' unopposed requests to stay this action insofar as Plaintiff's request for declaratory judgment as to its duty to indemnify is concerned; denies Defendant Ameriland's request to stay the entire case; and grants Defendant Ameriland's request to dismiss the Amended Complaint

in part so that Plaintiff may replead its claims to separate out the claims based on the duty to indemnify from its claims based on the duty to defend.

## RELEVANT BACKGROUND

This case is a declaratory judgment action in which Plaintiff, Wesco Insurance Company ("Wesco"), seeks a declaration that it does not have a duty to defend nor a duty to indemnify its insured, Defendant Ameriland, in connection with claims brought against Ameriland by Defendant Hovnanian in an arbitration styled *K. Hovnanian JV Services Company, LLC v. Ameriland Services, LLC*, Case No. 01-22-0001-1187, pending before the American Arbitration Association Construction Arbitration Division (the "Underlying Arbitration").

### A.   *The Insurance Policies And Alleged Liability*

In short, Wesco issued Commercial General Liability Insurance Policies to Ameriland between 2016 and 2019. The Policies are identified in and attached to the Second Amended Complaint. *See* ECF Nos. 27 and 27-2 (the "Wesco Policies"). Ameriland entered into contracts with Hovnanian in 2016 and 2019 pursuant to which Ameriland was hired to install irrigation and landscaping during the construction of a senior living community developed by Hovnanian. *See* ECF No. 27-1 (Hovnanian Statement of Claim). Hovnanian claims Ameriland's work included numerous defects in the design and installation of the irrigation system that caused significant property damage. *Id*.

### B.   *The Underlying Arbitration Proceedings*

Hovnanian initiated arbitration proceedings against Ameriland in July 2022. *Id*. In its Statement of Claim in the Underlying Arbitration Proceedings, Hovnanian alleges causes of action against Ameriland for Breach of Contract, Negligence, and Breach of Warranty

and seeks to recover more than $1,000,000 in damages, plus interest, attorney's fees, and costs. *Id*. Wesco is not a party to the Underlying Arbitration. Rather, as indicated above, Wesco is Ameriland's insurer under the Wesco Policies identified in the Amended Complaint.

    **C.**    *The Instant Declaratory Judgment Action*

Wesco initiated the instant action on November 10, 2023, seeking a declaration of its rights under the Wesco Policies in the Underlying Arbitration. ECF No. 1. In the Amended Complaint, filed February 29, 2024, Wesco asserts two causes of action seeking a declaration of its rights in connection with designated work (Count I) and with designated ongoing operations (Count II). ECF No. 27 (Am. Comp.). In the Amended Complaint, Wesco concedes that the claims made against Ameriland in the Underlying Arbitration trigger coverage under the Property Damage Liability in the Wesco Policies. *See* Am. Comp. at ¶ 30. The parties agree that the Underlying Arbitration arises out of "property damage" to Hovnanian during the Wesco Policies period. Wesco, however, denies having a duty to defend or indemnify Ameriland based on Exclusions in the Wesco Policies for designated work and designated ongoing operations. The Exclusions are set out in detail in the Amended Complaint. *See id.* at ¶¶ 30–33.

Wesco has been providing a defense to Ameriland in the Underlying Arbitration under a reservation of rights. *See id.* at ¶ 34.

    **D.**    *The Pending Motions*

There are two Motions now before the Court. First, Hovnanian filed a Motion to Stay on March 14, 2024, in which Hovnanian requests the Court stay Wesco's claims in connection with the duty to indemnify and permit Wesco's claims in connection with its

duty to defend to proceed. [ECF No. 31]. In the Motion, Hovnanian indicates its counsel conferred with counsel for Wesco and that counsel for Wesco does not object to staying this action as to the duty to indemnify pending the conclusion of the Underlying Arbitration Proceedings or pending a determination of Wesco's duty to defend. *Id*. at 9.

Second, also on March 14, 2024, Ameriland filed a Motion to Dismiss the Amended Complaint or Stay the Case, in which Ameriland avers, generally, the Amended Complaint must be dismissed because it does not separate the claims in connection with the duty to indemnify, which are not yet ripe, from those in connection with the duty to defend. [ECF No. 33]. Ameriland also argues that if the Amended Complaint is not dismissed, the action should be stayed in its entirety pending the Underlying Arbitration Proceedings. *Id*. Ameriland indicates that it attempted to confer with counsel for Wesco prior to filing its Motion but was unable to determine Wesco's position in connection with the requested relief before filing.[1] *Id*. at 6. Notably, Wesco indicates in its Response that its counsel had conferred with Ameriland's counsel before Ameriland filed its Motion in an effort to obtain agreement to staying only the duty to indemnify claims to no avail. *See* ECF No. 35 at 2 and 35-1.

The Motions are addressed below.

## APPLICABLE LEGAL STANDARDS

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

---

[1] Ameriland's Certificate of Conferral does not comply with the requirements of Local Rule 7.1(a)(3) as it is clear good faith efforts at conferral were not made – which is readily

"Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'" *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). The threshold question in this declaratory judgment action is, therefore, whether an "actual controversy" exists.

This Court's jurisdiction over a declaratory judgment action is entirely within its discretion. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). As the Eleventh Circuit has outlined, the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)).

"Under Florida law, a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify." *Am. Home Assurance Co. v. Vreeland*, No. 05-cv-2250, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004)); *see also AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, 383 F. Supp. 3d 1334, 1337 (M.D. Fla. 2019) ("A declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify." (citing *Higgins*, 894 So. 2d at 9)). "An insurer's duty to defend arises from the insurance contract and policy." *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1355 (S.D. Fla. 2017) (citing *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d 142, 144 (Fla. 1997)). Stated differently, "an insurer's duties toward its insured arise from the legal effects of the relevant policy provisions." *Id.* (citation omitted).

---

apparent because, for one, the efforts were made on the day the Motion was filed.

An insurer's duty to indemnify is narrower than its duty to defend, however, and must be determined by considering the policy coverages in light of the actual facts in the underlying case. *Id.* at 1356 (citations and quotations omitted). Given that the duty to indemnify is narrower than the duty to defend, the duty to indemnify cannot exist where no duty to defend arises. *WellCare of Fla, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 906 (Fla. 2d DCA 2009) (citations omitted).

Unlike an insurer's duty to defend, a declaratory judgment related to an insurer's duty to indemnify "is not ripe for adjudication until the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *see also Allstate Ins. Co. v. Emps. Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability in a policy clause contest such as the one at bar until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." (citing *Am. Fidelity & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 458–59 (5th Cir. 1960))).

## ANALYSIS

### A.  *The Motion To Stay Wesco's Duty To Indemnify Claims*

Both Defendants seek a stay of Wesco's claims seeking a declaration that it does not owe a duty to indemnify Ameriland. Wesco states that it does not oppose a stay with respect to its claims based on whether it has a duty to indemnify. Nevertheless, it is ultimately within the Court's authority to determine whether the declaratory judgment claims should proceed or be stayed. *See Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, 3:16-CV-921-J-34JRK, 2017 WL 1191383, at *2, 5 (M.D. Fla. Mar. 31, 2017) (a court has

the inherent authority to control its own docket and has "particularly wide latitude" when addressing cases brought under the Federal Declaratory Judgment Act).

As to Wesco seeking a declaration that it does not owe a duty to indemnify Ameriland in the Underlying Arbitration, the Court agrees this claim is not ripe for adjudication. *Am. Nat'l Fire Ins. Co. v. M/V Seaboard Victory*, No. 08-21811, 2009 WL 812024 at *1 (S.D. Fla. Mar. 17, 2009) ("It is well-settled . . . that because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim. To that end, an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.") (internal citations, quotation marks & footnotes omitted); *Liberty Mut. Ins. Co. v. Mark Yacht Club on Brickell Bay, Inc.*, No. 09-20022-CIV, 2009 WL 10668946, at *2 (S.D. Fla. Apr. 24, 2009) ("As Defendants correctly note, were this Court to now consider the indemnification issue, the parties in the underlying suit would be prejudiced by the duplicative litigation they would have to conduct on identical issues in two different forums. Furthermore, deciding the indemnification issue now could inappropriately collaterally estop the determination of important factual issues in the underlying suit.") (citation omitted).

Accordingly, a stay is warranted as to Wesco's duty to indemnify pending a resolution of liability in the Underlying Arbitration or a determination of Wesco's duty to defend. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Florida Crystals Corp.*, 14-81134-CIV, 2015 WL 11422288, at *1 (S.D. Fla. Aug. 5, 2015) ("Where a district court is faced with a claim calling for the premature adjudication of a duty to indemnify, a stay is warranted.") (citing *Woodruff & Sons, Inc. v. Cent. Mut. Ins. Co.*, No. 12-181, 2012 WL 695667 at *1–2 (M.D. Fla. Mar. 5, 2012)).

**B.**     *Ameriland's Motion To Stay Wesco's Duty To Defend Claims*

Defendant Ameriland also seeks to stay Wesco's duty to defend claims in the event the Court does not dismiss them altogether. As to Wesco's duty to defend, the Court notes first that Wesco is, at present, providing a service that it claims Ameriland is not entitled to under the Policies. That is, Wesco is providing a defense on behalf of Ameriland subject to a reservation of rights. Thus, with respect to Wesco's duty to defend, the situation is not speculative; it is real, present, and continuous. Ameriland argues, nevertheless, that this action should be stayed or dismissed in its entirety. Ameriland does not, however, aver that the issues to be litigated in the instant case are the same as those to be litigated in the Underlying Arbitration, and it does not appear there is such an overlap that a risk of conflicting decisions may arise.

Because the issue of Ameriland's duty to defend is pressing, and because there is little risk that there will be overlapping questions to be litigated in this action and the Underlying Arbitration Proceedings, this Court chooses not to stay the duty to defend claims. *See Everest Reinsurance Co. v. Am. Guard Servs., Inc.*, No. 1:15-cv-22404-KMM, 2015 WL 9258098, at *3 (S.D. Fla. Dec. 18, 2015).

**C.**     *Ameriland's Motion to Dismiss*

Finally, Ameriland contends the Amended Complaint should be dismissed in its entirety because Wesco failed to separate its duty to defend claims from its duty to indemnify claims. While the Court is not necessarily persuaded by the legal authority cited in support of Ameriland's argument on this point that dismissal is required, the Court agrees that it makes sense to separate out the claims for clarity in light of the fact the indemnity claims are not ripe and will be stayed. Therefore, the Court grants Ameriland's Motion to

Dismiss and will permit Wesco leave to replead its claims with the duty to defend claims separate from the duty to indemnify claims, which will then be stayed.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Ameriland's Motion to Dismiss the Amended Complaint or Stay the Case [**ECF No. 33**] is **GRANTED IN PART AND DENIED IN PART** as set forth above. It is further

**ORDERED AND ADJUDGED** that Wesco's Amended Complaint for Declaratory Relief [ECF No. 27] is **DISMISSED WITHOUT PREJUDICE**. Wesco shall file a Second Amended Complaint, as indicated above, within **fourteen (14)** days of the date of this Order. It is further

**ORDERED AND ADJUDGED** that Defendant Hovnanian's Motion to Stay [**ECF No. 31**] is **GRANTED**. Upon the filing of Wesco's Second Amended Complaint, Wesco's claims for declaratory relief as to its duty to indemnify shall be **STAYED** pending a resolution of liability in the Underlying Arbitration or a determination of Wesco's duty to defend.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 11th day of April, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record